IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CR-187-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| DOUGLAS EDWARD GLENN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 66), to which the Defendant has not objected. Therefore, pursuant to 18 U.S.C. §§ 3613(a), 3664(n), and 3664(k), the Court GRANTS the United States' Motion.

## BACKGROUND

The Defendant, Douglas Edward Glenn, was found guilty of six counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and one count of use of a firearm during and in relation to, and in furtherance of, a crime of violence, in violation of Title 18 U.S.C. § 924(c). On February 1, 2011, this Court sentenced him to a total of two hundred fifty-three (253) months' imprisonment and three (3) years of supervised release. This Court also ordered him to pay a $700.00 special assessment and $72,197.44 in restitution. (Doc. No. 49: Judgment). The Defendant failed to make any payments towards his $700.00 special assessment before it expired on February 1, 2016. To date, he has paid a total of $2,106.20 in restitution, which includes a stimulus payment of $1,781.20 offset by the Treasury Department in 2021. He remains in federal

custody and is currently assigned to the Federal Correctional Institution in Butner, North Carolina. He is scheduled to be released from federal custody in November 2027.

The current balance of Defendant's restitution debt is $69,541.24. The United States Attorney's Office recently learned that he currently has $897.98 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States moves for entry of an order authorizing the BOP to turn over $747.98 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims of Defendant's crime.

## DISCUSSION

Title 18, United States Code, Section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. *See* 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. *See* 18 U.S.C. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. *See* 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. *See* 18 U.S.C. § 3664(n). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." *See* 18 U.S.C. § 3664(k).

The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within

any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Thus, the Court finds that an order authorizing the turnover of the Defendant's property is appropriate here.

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 66) is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court funds in the amount of $747.98 held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case.

**SO ORDERED.**

Signed: January 11, 2023

Robert J. Conrad, Jr.
United States District Judge